UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEMINI INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:22-cv-01114-TMC<br><br>ORDER ALLOCATING COSTS |

On February 9, 2024, this Court ruled on Plaintiff Travelers Property Casualty Company of America and Defendant Gemini Insurance Company's cross-motions for summary judgment. Dkt. 35. As relevant here, the Court held that because Gemini and Travelers were concurrently obligated to cover the defense of their mutual insured, Precision Industrial Contractors, they should equitably contribute to the costs of Precision's defense. *Id.* at 12–13; *see Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wn.2d 411, 418–22, 191 P.3d 866 (2008). The Court directed the parties to file a stipulated motion or contested briefing regarding an equitable allocation of defense costs from the underlying litigation. The parties were unable to agree and chose contested briefing. Dkt. 36, 38, 39. Having reviewed the parties' briefing and considering itself fully advised, the Court orders the following.

ORDER ALLOCATING COSTS - 1

## I. DISCUSSION

### A. Applicable Law

"Equitable contribution refers to the right of one party to recover from another party for a common liability." *Mut. of Enumclaw*, 164 Wn.2d at 419. In the insurance context, "contribution allows an insurer to recover from another insurer where both are independently obligated to indemnify or defend the same loss." *Id.* The Washington Supreme Court has suggested that "concurrent primary insurers" who both have a "duty to defend" also have a duty "to share defense costs equally until judgment or settlement." *Id.* at 419 n.5 (quoting *Perez Trucking, Inc. v. Ryder Truck Rental, Inc.*, 76 Wash. App. 223, 234, 886 P.2d 196 (1994)). Applying California law (which the Washington Supreme Court looked to in the *Mutual of Enumclaw* decision, *see* 164 Wn.2d at 419–20), the Ninth Circuit has also concluded that a "50-50 allocation of defense costs . . . [is] well within the trial court's equitable discretion," while recognizing a "fundamental principle" that trial courts have "equitable discretion to select a method of allocating costs among insurers based on the facts and circumstances of the particular case." *Am. States Ins. Co. v. Ins. Co. of Pa.*, 800 F. App'x 452, 455 (9th Cir. 2020) (cleaned up).

### B. The Parties' Briefing and Costs

Gemini incurred $204,431.48 in costs to defend Precision in the underlying litigation, of which $14,462.71 were pre-suit expenditures and $189,968.77 were costs incurred after suit was filed. *See* Dkt. 36 at 1; *see generally* Dkt. 37-1. Travelers states that it incurred $85,409.87 in costs defending Precision. Dkt. 38 at 2. In its briefing on cost allocation, Travelers mostly repeats the same arguments previously rejected by this Court order on summary judgment. *See* Dkt. 35, 38. Travelers reasserts that it had no duty to defend because there was no coverage for Precision under its policy. *See* Dkt. 38 at 2 ("[E]quity should not allow Gemini to recover its fees and costs when Gemini admittedly knew that there was no coverage under the Travelers

policy"). This is unpersuasive. An insurer's duty to defend its policyholder ends upon a court's determination that there was no coverage under its policy. *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wn.2d 872, 885, 297 P.3d 688 (2013). But here, no court ever made such a determination in the underlying litigation because the case settled through mediation. *See* Dkt. 25 at 2, 7. As the Washington Supreme Court recognized in *Mutual of Enumclaw*, an insurer who incurs costs in carrying out its duty to defend its insured is not an "innocent third party." 164 Wn.2d at 423. "Each insurer undertook contractual responsibility to cover the entire loss, and each received consideration for doing so. An insurer that expressly agreed to cover an entire loss is not harmed by being obliged to do so." *Id.*

C.  **Allocation of Costs**

The Court determines that in this case, the equitable allocation is for the two insurers to "share defense costs equally" from the time the first underlying lawsuit against Precision was filed. *See Perez*, 76 Wash. App. at 234. Travelers claims that under its policy, its duty to defend is only triggered once there is a "suit" against its insured. *See* Dkt. 36 at 5; Dkt. 38 at 4. In its opening brief on allocation of costs, Gemini agreed that based on this argument, "it may be equitable for Travelers to pay 50% of . . . defense costs incurred following when the first lawsuit against Precision was actually filed." Dkt. 36 at 5.

Gemini also argues, however, that Traveler's costs for hiring separate defense counsel, rather than sharing the defense counsel already chosen by Gemini, were duplicative and unnecessary and should therefore be borne alone, rather than considered part of the mutual defense costs equally shared. Dkt. 36 at 4–5. Gemini cites no authority or evidence to support this argument and it is unpersuasive.

Accordingly, the Court determines that the equitable allocation of defense costs between Travelers and Gemini is an equal division of the total of $275,378.64 spent after suit against

ORDER ALLOCATING COSTS - 3

Precision was filed, meaning that each party should be allocated $137,689.32 of those expenses. Because Gemini had paid $189,968.77 (an excess of $52,279.45) while Travelers paid $85,409.87 (a shortfall of $52,279.45) over the course of the underlying litigation, Gemini is owed contribution from Travelers in the amount of $52,279.45 to equalize the parties' costs.

## II.  CONCLUSION

For the reasons discussed, the Court ORDERS Travelers to pay Gemini an equitable contribution of $52,279.45. The Clerk is directed to enter judgment in favor of Defendant Gemini and against Plaintiff Travelers in the amount of $52,279.45.

Dated this 26th day of April, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER ALLOCATING COSTS - 4